UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

EDWIN JEFFERS, ET AL                          CIVIL ACTION NO. 14-CV-188

VERSUS

BNSF RAILWAY CO.                              MAGISTRATE JUDGE HANNA

**Memorandum Ruling**

Before the Court is the Motion for Summary Judgment by BNSF Railway

Company. [Rec. Doc.  43].  The motion is opposed by the plaintiffs. [Rec. Doc.

52].  Oral argument was heard on the motion on February 23, 2015.  After

considering the applicable law, the record, and the arguments of the parties, the

motion is granted in part and denied in part.

*Background:*

The plaintiffs are owners/inhabitants of residences or businesses in Gray

Lawn Subdivision, located north of Crowley, Louisiana, and north of railroad

tracks situated upon an elevated roadbed which runs east to west through the area.

A culvert transects the elevated roadbed near the subdivision. The culvert is

owned by BNSF.

The plaintiffs have jointly alleged that their homes and businesses sustained

damage during heavy flooding from rainstorms on January 10-11, 2013.  They

have alleged that  the unprecedented flooding in the subdivision was caused by the

failure of BNSF to properly maintain the drainage culvert, which reduced the ability of the culvert to properly drain surface water and prevent flooding in their subdivision.  The plaintiffs seek money damages for repairs, expenses, replacement costs and other losses including mental anguish.

In the motion before the Court, BNSF contends that (1) there is no evidence that BNSF had knowledge, either actual or constructive, of a defect in the culvert prior to January 10, 2013, the date of the subject flood, and (2) the plaintiffs cannot establish a causal link between the condition of the culvert at that time and the flooding that damaged their properties.

***The Summary Judgment Standard***:

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable substantive law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Minter v. Great American Ins. Co. of New York*, 423 F.3d 460, 465 (5th Cir. 2005). A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008), *citing Anderson v. Liberty Lobby, Inc.*,

477 U.S. at 252.

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine issue of material fact. *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact. *Id.* All facts and justifiable inferences are construed in the light most favorable to the nonmovant.  *Brumfield v. Hollins*, 551 F.3d at 326, *citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's claim. *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008), *citing Celotex Corp. v. Catrett*, 477 U.S. at 325. The motion should be granted if the non-moving party cannot produce evidence to support an essential element of its claim. *Condrey v. Sun Trust Bank of Georgia*, 431 F.3d 191, 197(5th Cir. 2005).

***Applicable Substantive Law:***

The plaintiffs' claims are based on Louisiana Civil Code articles 2315, 2317 and 2317.1.  La. C.C. art. 2315(A) provides that "[E]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."  La. C.C. art. 2317 provides that "[W]e are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody." Additionally, La. C.C. art. 2317.1 provides in part:

> The owner or custodian of a thing is answerable for damage
> occasioned by its ruin, vice, or defect, only upon a showing that he
> knew or, in the exercise of reasonable care, should have known of the
> ruin, vice, or defect which caused the damage, that the damage could
> have been prevented by the exercise of reasonable care, and that he
> failed to exercise such reasonable care.

To prove liability against the owner or custodian of a thing under La. C.C. art. 2317 and the appended 2317.1, the plaintiff must prove: (1) that the thing that caused his damage or injury was in the custody or care of the defendant; (2) that there was a vice or defect in the thing, which created an unreasonable risk of harm, (3) that the defendant knew or should have known of the unreasonable risk of harm, and (4) that the vice or defect caused the damage or injury. *Babino v. Jefferson Transit,* 110 So.3d 1123,(La. App. 5th Cir. 2013); see also *Davis v. Harrah's Lake Charles, LLC*, 945 So.2d. 878(La. App. 3d Cir. 2006). There is no

dispute BNSF was the owner/custodian of the culvert. However, BNSF contends

there is no evidence that it had actual or constructive knowledge of a "defect," and

therefore,  it cannot be held be liable under this theory.[1]

For the purposes of article 2317.1, a defect is a flaw or condition of relative

permanence inherent in the thing as one of its qualities. A temporary condition

may constitute a hazard, but it does not constitute a defect under article 2317.1.

*Crane v. Exxon Corp.,* 613 So.2d 214, 218–19 (La. App. 1st Cir.1992). See also

*Murry v. Aran Energy Corp*., 863 F.Supp. 315 (E.D.La., 1994).  The parties agree

that there is a difference between a defect and a hazard.

The culvert inspection forms in the record indicate that on January 12, 2013,

two days after the flood, the notation appears "Pipe was not draining as it should

water too deep to see inside pipe."  Two months after the flood, a camera device

was used to inspect the culvert, and a collapse of the area was found. If the culvert

had defects in its construction such that it collapsed, that would constitute a defect.

The record establishes that none of the individual plaintiffs have personal

---

[1]Prior to 1996, La. C.C. art. 2317 was a strict liability provision.  Since the enactment of art. 2317.1, it has become a negligence-based rule. *Myers v. Dronet*, 801 So.2d 1097, 1105(La. App. 3 Cir. 2001).The addition of knowledge as an element of owner's or custodian's liability for damage occasioned by ruin, vice, or defect of a thing has effectively eliminated strict liability in most circumstances. *Dufrene v. Gautreau Family, LLC*, App. 5 Cir.2008, 980 So.2d 68, 07-467, 07-547 (La.App. 5 Cir. 2/22/08), writ denied 980 So.2d 694, 2008-0629 (La. 5/9/08), writ denied 980 So.2d 698, 2008-0628 (La. 5/9/08).

knowledge of the condition of the interior of the drainage culvert either before or

at the time of the flood.  At oral argument, the plaintiffs admitted that there was no

"positive evidence" of a "defect," as that term is defined, before the flood. Rather,

the evidence will demonstrate that there was "blockage" of the culvert. The parties

further agree there will be no positive evidence put before the jury that the culvert

was collapsed on or before the flood date. Since there is no evidence that a

condition which rises to the level of a "defect" existed before the flood, there is an

absence of any proof for an essential element of the plaintiffs' claims under Art.

2317.1 so the motion will be granted to that extent. That ruling is not dispositive

of the claims brought under Art. 2315.

The word "act" in article 2315 has consistently been interpreted to refer to

acts of both commission and omission. *Credit v. Richland Parish School Board*,

85 So.3d 669 (La. 2012).  Contrary to BNSF's contention that the claims under

article 2315 are based on a dangerous condition of the land, the essence of the

plaintiffs' claims under article 2315 is that BNSF failed to act to maintain the

culvert, and that omission ultimately caused them damage.

Negligence claims under Art. 2315 are generally resolved by a duty/risk

analysis.  A determination of liability under that analysis requires proof by the

plaintiff of five separate elements: (1) that the defendant's substandard conduct

was a cause-in-fact of the plaintiff's injury; (2) that the defendant's conduct failed

to conform to the appropriate standard; (3) that the defendant had a duty to

conform his/its conduct to a specific standard; (4) that the defendant's substandard

conduct was a legal cause of the plaintiff's injuries; and (5) proof of actual

damages. If the plaintiff fails to prove any one of these elements by a

preponderance of the evidence, the defendant is not liable. *Perkins v. Entergy*

*Corp.*, 782 So.2d 606, 611(La. 2001).  In *Perkins*, the Louisiana Supreme Court

elaborated:

> Generally, the initial determination in the duty/risk analysis is
> cause-in-fact. Cause-in-fact usually is a "but for" inquiry, which tests
> whether the accident would or would not have happened but for the
> defendant's substandard conduct. Where there are concurrent causes
> of an accident, the proper inquiry is whether the conduct in question
> was a substantial factor in bringing about the accident. To satisfy the
> substantial factor test, the plaintiff must prove by a preponderance of
> the evidence that the defendant's conduct was a substantial factor
> bringing about the complained of harm. [Internal citations omitted]

*Perkins v. Entergy Corp.*  782 So.2d 606, 611-612(La.,2001).

Under §213.33 of the "Track Safety Standards" regulation applicable to

BNSF, "each drainage or other water carrying facility under or immediately

adjacent to the roadbed shall be maintained and kept free of obstruction, to

accommodate expected water flow for the area concerned."  The plaintiffs have

pointed to BNSF inspection protocols for inspection of its culverts, along with

regulations that prohibited inspection of the inside of the culvert without advance permission from the railroad.  The plaintiffs also cited to documents produced by BNSF which stated that "Lack of surface problems does not supersede the need for thorough periodic culvert inspections."[Rec. Doc. 52-3; Ex. E, page 1-4-107]. Thus, according to the plaintiffs, only BNSF had the ability to make the determination as to whether there was an issue with the culvert, and BNSF had the duty to make sure that its drainage structure running under its roadbed was kept free of obstruction to accommodate expected water flow for the concerned area.

In their opposition, the plaintiffs referenced the BNSF records of a culvert exception report prepared January 10, 2011, indicating that the culvert at issue was "50% blocked" on that date.  They argue there are no BNSF records indicating the culvert was cleared of blockage or inspected again until after the January 10, 2013 flood two years later, despite BNSF's detailed written requirements for at least yearly documented inspections by specially trained and qualified inspectors. [Rec. Doc. 52-3; Ex. D, F].  While it is true that the ditch in the area adjacent to the culvert was inspected by the supervisor of the Sixth Ward and Crowley Drainage District on January 8,2013, two days before the flood, the inspection of the culvert itself was superficial, the supervisor could not see all the way into the culvert,  the supervisor did not enter the culvert, and there was no water flowing through the

culvert at the time. [Rec. Doc. 52-2, Ex. B].

In a reply brief, BNSF provided an affidavit of Michael Boney which purports to correct the official business document of BNSF with his own personal log book. Mr. Boney indicated he inadvertently failed to enter an inspection of the culvert into the BNSF reporting system on a Culvert Exception Report as was required. This places Mr. Boney's credibility squarely at issue, and because the affidavit was submitted with a reply memorandum, this Court declines to consider it at this time.

BNSF had a duty to maintain the culvert to "accommodate expected water flow to the concerned area." Should the jury find the culvert was blocked by trash and debris which had not been cleaned out of the area before the flood, while perhaps not a "defect," the presence of the blockage may be due to the failure to use reasonable care under the circumstances on the part of the party responsible for maintenance of the culvert - BNSF.

As to causation, there is evidence in the record that the culvert was the only avenue for water to get out of the plaintiffs' subdivision, the subdivision had never experienced flooding before despite rains in excess of six inches the year before. This circumstantial evidence allows the inference in favor of the non-movant (as is required in a summary judgment analysis) that BNSF failed in its legal duty to

adequately inspect and maintain the culvert to accommodate the expected water flow, resulting in a blockage to the only drainage outlet for the plaintiffs.  The blockage, combined with the significant rain event, can easily reach the threshold of a substantial factor and a contributing cause to the plaintiffs' damages. Thus the Court will deny the motion as to the plaintiffs' negligence claims under La. C.C. art. 2315 allowing those claims to proceed to trial on the merits.

*Conclusion:*

Based on the foregoing, the motion is granted to the extent the plaintiffs have failed to establish the necessary elements of their claims based on La. C.C. arts. 2317/2317.1. In all other respects, the motion is denied as the plaintiff has shown that a genuine issue of material fact exists on the claims brought pursuant to La. C.C. art. 2315.

Signed at Lafayette, Louisiana this 26th day of February, 2015.

_____
Patrick J. Hanna
United States Magistrate Judge

-10-